# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO T. PINEDA, REBECCA J. PINEDA,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>RUTH J. REYES, PRUDENTIAL CALIFORNIA REALTY, WELLS FARGO HOME MORTGAGE, FIRST AMERICAN LOAN STAR TRUSTEE SERVICE, TIBURON FINANCIAL, AND DOES 1-10 INCLUSIVE,<br><br>                    Defendants. | **CASE NO. 09-cv-01938-H-WMc**<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT** |

On August 5, 2009, Plaintiffs Leo Pineda and Rebecca Pineda filed a complaint in the Superior Court of the State of California for the County of San Diego. (Doc. No. 1, Compl.) The complaint arises out of a foreclosure proceeding on Plaintiffs' home. (Id.) On September 3, 2009, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (erroneously named Wells Fargo Home Mortgage) filed a notice of removal. (Doc. No. 1.) The notice was joined by Defendants Ruth Reyes, Prudential California Realty, First American Loanstar Trustee Services, LLC ("Loanstar") (erroneously named First American Loanstar Trustee Service), and Tiburon Financial, LLC ("Tiburon Financial") (erroneously named Tiburon Financial). (Doc. Nos. 2-5.) On September 8, 2009, Defendant Loanstar filed a motion to dismiss Plaintiffs'

complaint and a request for judicial notice. (Doc. No. 7.) On September 11, 2009, Defendant Wells Fargo filed a motion to dismiss Plaintiffs' complaint. (Doc. No. 8.) Defendants Ruth Reyes, Prudential California Realty, and Tiburon Financial joined the motions to dismiss by Wells Fargo and First Prudential. (Doc. Nos. 9,12,13.) Plaintiffs have not filed a response in opposition.

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined these matters are appropriate for resolution without oral argument and submitted them on the parties' papers on October 14, 2009. (Doc. No. 19.) For the reasons set forth below, the Court grants Defendants' motions to dismiss. Plaintiffs may file an amended complaint curing the noted deficiencies no later than thirty days after the issuance of this order.

## **Background**

Plaintiffs' complaint arises from a home loan secured by real property located at 250 South Siena Street, San Diego, CA 92114 (the "Property"). Plaintiffs assert causes of action for: (1) Home Owner Equity Protection Act violations; (2) Real Estate Settlement Procedures Act violations; (3) Federal Truth-In-Lending Act violations; (4) Fair Credit Reporting Act violations; (5) fraudulent misrepresentation; (6) breach of fiduciary duty; (7) unjust enrichment; (8) civil conspiracy; (9) civil RICO; (10) slander of title; (11) usury and fraud; and (12) intentional infliction of emotional distress.

On June 28, 2006, Plaintiffs financed the Property by executing a promissory note that was secured by a Deed of Trust. (Doc. No. 7-2 Ex. A.) On July 12, 2006, the Deed of Trust was recorded in San Diego County. (Id.) Pursuant to the Deed of Trust, Plaintiffs are the "Borrower," Defendant Wells Fargo is the "Lender" and "Beneficiary," and Fidelity National Title Insurance Company (Fidelity) was the original trustee. (Id.) Defendant Loanstar is the "Successor Trustee" under the Deed of Trust pursuant to a Substitution of Trustee executed by Wells Fargo and recorded in the real estate records of San Diego County on August 11, 2008. (Id. Ex. B.)

On July 8, 2008, Loanstar recorded a "Notice of Default and Election to Sell" in San Diego County. (Id. Ex. C.) Plaintiffs failed to cure the defaults, and, on May 22, 2009,

Loanstar recorded a Notice of Trustee Sale in the real estate records of San Diego County. (Id. Ex. D.) On July 15, 2009, the Property was sold to Defendant Wells Fargo at the trustee sale. Defendant Loanstar executed and recorded a Trustee's Deed Upon Sale in the real estate records of San Diego County on July 22, 2009. (Id. Ex. E.)

## Discussion

### I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555. *Pro se* litigants may be entitled to greater leeway when courts construe their pleading, but "those pleadings must nonetheless

1  meet some minimum threshold in providing a defendant with notice of what it is that it
2  allegedly did wrong." Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

3  "Generally, a district court may not consider any material beyond the pleadings in ruling
4  on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
5  1555 n.19 (9th Cir.1990). The court may, however, consider the contents of documents
6  specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449,
7  454 (9th Cir.1994) overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d
8  1119, 1127 (9th Cir. 2002). Additionally, the Court may take judicial notice of matters of
9  public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).
10 Accordingly, the Court takes judicial notice of the documents provided by Defendants because
11 Plaintiffs rely on the documents in their complaint and they are matters of public record
12 recorded with the San Diego County Recorder's Office.

13 **A. Home Owner Equity Protection Act and Federal Truth-In-Lending Act**

14 Plaintiffs' first and third causes of action are for violations of the Home Ownership and
15 Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602, et seq., and the federal Truth in Lending
16 Act ("TILA"), 15 U.S.C. 1601, et seq., including TILA's implementing Regulation Z, 12
17 C.F.R. § 226.1, et seq. (Doc. No. 1, Compl. ¶¶ 60-71.7, 75-79.) According to Plaintiffs, they
18 are "consumers" and "each Defendant is a 'creditor' as defined by HOEPA." (Id. ¶ 62.)
19 Plaintiffs allege that Defendants violated HOEPA by requiring payment of excessive fees,
20 expenses, and costs, failing to conspicuously make required disclosures, and engaging in a
21 pattern and practice of extending credit to Plaintiffs without regard to their ability to repay.
22 (Id. ¶¶ 62, 65.) Plaintiffs also allege that Defendants violated HOEPA by failing to make
23 additional disclosures, including those related to Plaintiffs' right to rescind the transaction. (Id.
24 ¶ 67.) With respect to TILA, Plaintiffs allege that "Defendants failed to include and disclose
25 certain charges in the finance charge shown on the TIL statement, which charges were imposed
26 on Plaintiffs incident to the extension of credit to the plaintiffs and were required to be
27 disclosed pursuant to 15 USC sec. 1605 and Regulation Z ." (Id. ¶ 76.)
28 ///

TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). Its provisions impose certain duties on creditors. The statute defines "creditor" as referring only to "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f). TILA has been amended to extend liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a). However, this provision applies "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." Id. Section 1639(h) of HOEPA provides that "[a] creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." 15 U.S.C. § 1639(h). The provisions of HOEPA apply to a mortgage secured by the consumer's principal dwelling if, "the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities . . . or the total points and fees payable by the consumer at or before closing will exceed the greater of (i) 8 percent of the total loan amount; or (ii) $400." 15 U.S.C. §1602(aa).

A request for any damages under TILA or HOEPA is subject to a one year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. § 1640(e). The Ninth Circuit has held that equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." Id. The applicability of equitable tolling often depends on matters outside the pleadings. Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted). Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." Id.

///

Under TILA, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (holding courts are deprived of subject matter jurisdiction when a § 1635 claim is brought outside the three year limitation period).

The Court concludes that Plaintiffs' complaint fails to state a claim under TILA or HOEPA. First, Plaintiffs fail to plead facts to demonstrate HOEPA's applicability to the loan transaction at issue in this case. See 15 U.S.C. § 1602(aa)(1)(A)&(B) (listing the types of mortgage transaction to which HOEPA applies). Additionally, Plaintiffs allegation that "each Defendant is a 'creditor' as defined by HOEPA" is insufficient. (See Doc. No. 1, Compl. ¶ 62.) Loanstar, for example, is a successor trustee and is not a creditor under the Act. Furthermore, it appears that Plaintiffs claims are time-barred. Plaintiffs' loan transaction at issue here occurred on June 28, 2006 and this lawsuit was not filed until August 5, 2009. The one-year limitations period for damages under TILA and HOEPA ran on June 28, 2007, and Plaintiffs have not demonstrated entitlement to equitable tolling. TILA's three-year limitations period for rescission ran on June 28, 2009. Moreover, Plaintiffs are not entitled to rescission under TILA or HOEPA because the property has been sold. Accordingly, the Court dismisses Plaintiffs' actions under TILA and HOEPA against all Defendants.

**B. Real Estate Settlement Procedures Act**

Plaintiffs' second cause of action is for a violation of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (Doc. No. 1, Compl. ¶¶ 72-74.) Plaintiffs allege that, "[i]n violation of 12 USC sec. 2607 and in connection with the mortgage loan to Plaintiffs, Defendants accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed." (Id. ¶ 73.) Section 8(a) of RESPA provides that, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). RESPA contains a one year statute

1  of limitations for any action brought pursuant to the provisions of section 8.  12 U.S.C. § 2614.
2  Plaintiffs' loan was executed in 2006 and the complaint in this case was filed in 2009.  Apart
3  from Plaintiffs' legally conclusory allegations concerning a purported violation of section 8(a),
4  Plaintiffs fail to allege when any prohibited fee or kickback was given, who gave it, or who
5  received it.  Absent factual enhancement of Plaintiffs' conclusory allegations, it appears
6  Plaintiffs' cause of action for a violation of section 8(a) is time barred.  Accordingly, the Court
7  finds that Plaintiffs have failed to state a claim under RESPA and dismisses Plaintiffs' cause
8  of action.

**C. Fair Credit Reporting Act**

Plaintiffs' fourth cause of action is for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. (Doc. No. 1, Compl. ¶¶ 80-84.)  Plaintiffs allege that "Defendants wrongfully, improperly, and illegally reported negative information as to the Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO scores." (Id. ¶ 81.)  Plaintiffs have alleged that Defendants violated the FCRA by reporting "an excessive amount of debt into which Plaintiffs was tricked and deceived into signing." (Id. ¶ 81.1.)  Plaintiffs therefore do not allege that the reporting was actually inaccurate.  Moreover, Plaintiffs' cause of action under the FCRA may be time-barred.  The FCRA has a two-year statute of limitations period that commences "after the date of discovery by the plaintiff of the violation that is the basis for such liability."  15 U.S.C. § 1681p.  Plaintiffs fail to allege when they discovered the alleged violations.  Finally, Plaintiffs do not allege sufficient facts to connect Defendants to the allegedly improper reporting.  Plaintiffs fail to detail what entity or entities provided what information to the credit reporting agencies and fail to provide any supporting documentation.  Accordingly, the Court finds that Plaintiffs have failed to state a claim under FCRA and dismisses the action against all Defendants.

**D. Fraudulent Misrepresentation**

Plaintiffs' fifth cause of action is for fraudulent misrepresentation. (Doc. No. 1, Compl. ¶¶ 85-91.)  Plaintiffs allege that "Defendants knowingly and intentionally concealed material

1   information from Plaintiffs which is required by Federal Statutes and Regulations to be
2   disclosed to the plaintiffs both before and at the closing." (Id. ¶ 86.)  Further, Plaintiffs allege
3   that Defendants "materially misrepresented material information."  (Id. ¶ 87.)

4        Under California law, the elements of fraud are false representation, knowledge of its
5   falsity, intent to defraud, justifiable reliance, and damages.  See Bank of the West v. Valley
6   Nat'l Bank of Ariz., 41 F.3d 471, 477 (9th Cir. 1994) (citation and quotation marks omitted).
7   Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Rule
8   9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy
9   Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  "Averments of fraud must be accompanied
10  by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting
11  Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than
12  the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false
13  or misleading about a statement, and why it is false.'" Id. (quoting Decker v. GlenFed, Inc.
14  (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)).  On a claim for fraud,
15  then, a "pleading is sufficient under rule 9(b) if it identifies the circumstances constituting
16  fraud so that a defendant can prepare an adequate answer from the allegations."  Moore v.
17  Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989) (citation omitted).  "While
18  statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere
19  conclusory allegations of fraud" are not. Id.  Further, Rule 9(b) requires a plaintiff to attribute
20  particular fraudulent statements or acts to individual defendants. Id.

21       The Court finds that Plaintiffs failed to state a claim for intentional misrepresentation.
22  Plaintiffs have presented "mere conclusory allegations of fraud" that are insufficient to allow
23  any Defendant to "prepare an adequate answer from the allegations." Id.  Plaintiffs fail to
24  allege any specifics with respect to which Defendant made the allegedly fraudulent statements,
25  the content of those statements, to whom the statements were made, and when they were made.
26  With respect to the allegedly material omissions, Plaintiffs fail to state who concealed what
27  information and at what time.  Accordingly, the Court grants Defendants motions to dismiss
28  the fifth cause of action for intentional misrepresentation.

**E. Breach of Fiduciary Duty**

Plaintiffs' sixth cause of action is for breach of fiduciary duty. (Doc. No. 1, Compl. ¶¶ 92-96.) Plaintiffs allege that "Defendants, by their actions in contracting to provide mortgage loan services and a loan program to Plaintiffs which was not only to be best suited to the Plaintiffs given their income and expenses but by which Plaintiffs would also be able to satisfy their obligations without risk of losing their home, were fiduciaries . . . ." (Id. ¶ 93.) Plaintiffs allege that Defendants breached their duty "by fraudulently inducing Plaintiffs to enter into a mortgage transaction which was contrary to the Plaintiffs stated intentions; contrary to Plaintiffs interests; and contrary to the Plaintiffs preservation of their home." (Id. ¶ 94.) Though Plaintiffs use the word "Defendants," this cause of action appears to be directed only at Defendant Wells Fargo, as it is the only party that provided mortgage loan services and a loan program to Plaintiffs.

Generally, barring an assumption of duty or a special relationship, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage broker for the benefit of the borrower, no such duty is imposed on a lender. UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal. App. 3d 864, 872-73 (1983); Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) (citing Downey v. Humphreys, 102 Cal. App. 2d 323, 332 (1951)) ("'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers."). Because Wells Fargo as a lender owes no fiduciary duty to Plaintiffs, Plaintiffs' claim for breach of fiduciary duty against Wells Fargo fails as a matter of law. Any allegations for breach of fiduciary duty against Defendant Loanstar also fail because a foreclosure trustee is not a fiduciary. Heritage Oaks Partners v. First American Title Ins. Co., 155 Cal. App. 4th 339, 345-46 (2007). Moreover, Plaintiffs have not alleged any facts that show how the remaining Defendants could be considered fiduciaries under California law. Accordingly, the Court

grants Defendants' motion to dismiss Plaintiffs' six cause of action for breach of fiduciary duty.

**F. Unjust Enrichment**

Plaintiffs' seventh cause of action is for unjust enrichment. (Doc. No. 1, Compl. ¶¶ 97-100.) Plaintiffs allege that Defendants "retain the benefits from their actions of charging a higher interest rate, fees, rebates, kickbacks profits . . . and gains and YSP fee unrelated to the settlement services provided at closing." (Id. ¶ 99.) They further allege that Defendants were "additionally enriched through receipt of PAYMENT from third parties including but not limited to investors, insurers, other borrowers, the United States Department of the Treasury, and the United Sates Federal Reserve." (Id. ¶ 100.1.)

A claim for unjust enrichment requires pleading the "receipt of a benefit and the unjust retention of the benefit at the expense of another." Lectrodryer v. Seoulbank, 77 Cal. App. 4th 723, 726 (2000). "The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." Dinosaur Dev., Inc. v. White, 216 Cal. App. 3d 1310, 1315 (1989). Ordinarily, a plaintiff must show that the benefit was conferred on the defendant through mistake, fraud or coercion. Nebbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n, 205 Cal. App. 3d 1415, 1422 (1988).

Plaintiffs' claim for unjust enrichment appears to rely on the same wrongdoing alleged in Plaintiffs' claim under RESPA. Since the RESPA cause of action failed for the reasons discussed above, it cannot serve as a basis for a claim for unjust enrichment. To the extent that Plaintiffs' unjust enrichment cause of action is based on other alleged mistake, fraud, or coercion, Plaintiffs have not pled sufficient facts to put Defendants on notice of the nature of the claim and the grounds upon which it rests. See Twombly, 550 U.S. at 555. Accordingly, the Court finds that Plaintiffs fail to state a claim for unjust enrichment and dismisses Plaintiffs' seventh cause of action.

**G. Civil Conspiracy**

Plaintiffs' eighth cause of action is for civil conspiracy. (Doc. No. 1, Compl. ¶¶ 101-05.) Plaintiffs allege that "Defendants agreed, between and among themselves, to engage in

actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the Plaintiffs." (Id. ¶ 102.) Under California law, there is no independent tort for civil conspiracy. See Richard B. LeVine, Inc. v. Higashi, 131 Cal. App. 4th 566, 574 (2005) (stating that "there is no separate tort of civil conspiracy, and there is no civil action for conspiracy to commit a recognized tort unless the wrongful act itself is committed and damage results therefrom" (citations and quotation marks omitted)). Since Plaintiffs have not stated a claim under any independent tort, their cause of action for civil conspiracy must fail. Therefore, the Court grants Defendants' motions to dismiss Plaintiffs' eighth cause of action for civil conspiracy.

**H. Civil RICO**

Plaintiffs' ninth cause of action is based upon violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 et seq. (Doc. No. 1, Compl. ¶¶ 106-11.) Plaintiffs allege that "Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiffs constitutes and 'enterprise', with the aim and objective of the enterprise being to perpetrate a fraud upon the Plaintiffs through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent debt through fraudulent loan documents." (Id. ¶ 109.)

18 U.S.C. § 1962, which identifies the conduct that violates the RICO statute, contains four subsections. Subsections (a), (b) and (c) provide for stand-alone RICO violations, while subsection (d) makes it a crime to conspire to commit a violation of subsections (a), (b) or (c). 15 U.S.C. § 1962. Subsections (a), (b) and (c) each criminalize different conduct and the elements a plaintiff must plead and prove to prevail under each subsection are therefore different. Id. Additionally, to maintain a claim under the RICO statute, a plaintiff must allege that participants in the enterprise committed at least two of the predicate acts of racketeering enumerated in 18 U.S.C. § 1961(1). 18 U.S.C. § 1961(5).

///

1  The Court finds that Plaintiffs' claims for civil RICO violations fail to meet these requirements. First, Plaintiffs do not identify the subsection of 15 U.S.C. § 1962 which Defendants allegedly violate, and the vague and conclusory allegations fail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp., 550 U.S. at 555. Second, Plaintiffs do not allege the two predicate acts necessary to maintain a RICO action. See 18 U.S.C. § 1961(5). Accordingly, the Court finds that Plaintiffs have failed to state a claim for civil RICO and grants Defendants' motions to dismiss the ninth cause of action.

**I. Slander of Title**

Plaintiffs' tenth cause of action is for slander of title. (Doc. No. 1, Compl. ¶¶ 112-24.5.) Plaintiffs allege that "Defendants and each of them wrongfully published a notice of default and then wrongfully foreclosed on the subject property" and that "[b]y doing the aforementioned acts, defendants . . . 'slandered' the Plaintiffs rights of possession and title to their property." (Id. ¶ 115, 117.)

Slander of title is a "tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." Southcott v. Pioneer Title Co., 203 Cal. App. 2d 673, 676 (1962). A disparaging statement is one intended to cast doubt on the existence or extent of one's interest in the property. Glass v. Gulf Oil Corp., 12 Cal. App. 3d 412, 423 (1970). In Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (2008), the court held that "section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of nonjudicial foreclosure procedures, to be privileged communications under the qualified, common-interest privilege of [Civ. Code] section 47, subdivision (c)(1)."

The Court concludes that Plaintiffs have failed to state a claim for slander of title against any Defendant. From Plaintiffs' pleadings, the Court cannot discern the identity of the allegedly slanderous publication. However, to the extent that Plaintiffs' allegations refer to required mailing, publication, and delivery of notices in connection with the foreclosure

proceeding or the performance of nonjudicial foreclosure procedures, such documents are privileged and cannot form the basis for this cause of action. To the extent that Plaintiffs' allegations refer to non-privilege materials, such allegations lack the minimal factual and legal support necessary to survive a motion to dismiss. Accordingly, the Court grants Defendants' motions to dismiss Plaintiffs' tenth cause of action for slander of title.

**J. Usury and Fraud**

Plaintiffs' eleventh cause of action is for usury and fraud. (Doc. No. 1, Compl. ¶¶ 124.6-25.) With respect to their usury claim, Plaintiffs allege that "[t]he transaction involved a loan of money pursuant to a written agreement, and as such, subject to the rate limitation set forth under state and federal law. The 'formula rate' referenced in those laws was exceeded by a factor in excess of 10 contrary to the applicable law and contrary to the requirements for disclosure under TILA and HOEPA." (Id. ¶ 124.11.)

Under California law, "[t]he essential elements of usury are: (1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994). The Court finds that Plaintiffs fail to state a claim for usury because Plaintiffs' allegations do not meet the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Plaintiffs have failed to set forth any specific factual allegations in support of their claim, such as the rate of interest charged in the transaction at issue, who collected that interest, or the lender's intent. Plaintiffs' naked assertions are insufficient to put Defendants on notice of the allegations against them. Moreover, Plaintiffs cite no California or federal authority in support of their claim. The Court therefore dismisses Plaintiffs' cause of action for usury for failure to state a claim. Plaintiffs also fail to state a claim with respect to their allegations regarding disclosures under TILA and HOEPA for the reasons discussed with respect to Plaintiffs' first and third causes of action.

///

///

Plaintiffs also allege that Defendants acted fraudulently with respect to the interest charged. Specifically, Plaintiffs allege that "this fraudulent scheme, (which was in actuality a plan to trick the Plaintiffs into signing . . .) was in fact a sham to use Plaintiffs interest in the real property to collect interest in excess of the legal rate." (Id. ¶ 124.10.) Plaintiffs fail to state a claim for fraud for the same reasons discussed in connection with Plaintiffs' fifth cause of action. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper, 137 F.3d at 627). Plaintiffs' conclusory allegations fail to meet this standard. Accordingly, the Court grants Defendants' motions to dismiss Plaintiffs' eleventh cause of action.

**K . Intentional Infliction of Emotional Distress**

Plaintiffs' twelfth cause of action is for intentional infliction of emotional distress. (Doc. No. 1, Compl. ¶¶ 126-29.) Plaintiffs allege that Defendants' unprivileged actions led to Plaintiffs' possible loss of their property, that these actions constitute outrageous or reckless conduct, and that Plaintiffs have suffered severe emotional distress. (See id. ¶¶ 126, 129.)

"The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991). The Court concludes that Plaintiffs have failed to state a claim for intentional infliction of emotional distress. First, for conduct to be "outrageous," it "must be so extreme as to exceed all bounds of that usually tolerated by a civilized society." Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982). With respect to outrageous conduct, Plaintiffs merely allege that Defendants' actions resulted in the possible loss of Plaintiffs' home. (Doc. No. 1, Compl. ¶ 126.) These allegations are not sufficient to show that any Defendant acted in a manner beyond that usually tolerated by a civilized society. Second, for emotional distress to be severe, it must be "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Fletcher v. Western

1  National Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970). Plaintiffs have not alleged any facts
2  suggesting that they have suffered distress of this nature, but instead merely state that
3  Defendants acts "have resulted [in] the plaintiffs suffering severe emotional distress." (Doc.
4  No. 1, Compl. ¶ 129.) Plaintiffs' "formulaic recitation of the elements of a cause of action"
5  is insufficient to state a claim against Defendants. Twombly, 550 U.S. at 555. Accordingly,
6  the Court grants Defendants' motions to dismiss Plaintiffs' twelfth cause of action for
7  intentional infliction of emotional distress.

### Conclusion

9  For the reasons set forth above, the Court grants Defendants' motions to dismiss
10 Plaintiffs' Complaint. Plaintiffs may file an amended complaint curing the highlighted
11 deficiencies no later than thirty days after the issuance of this order.

12 **IT IS SO ORDERED**.

13 DATED: October 20, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

16 COPIES TO:
17 All parties of record